## Commonwealth v. Parkes

*P. H. Johnston,* district attorney, for Commonwealth.
*Bruce Talbott,* for defendant.

FLEMING, P. J., November 30, 1936.—Defendant seeks a new trial, having been convicted of the crime of statutory rape.

The object of the alleged rape was the only witness for the Commonwealth. She stated that defendant had had intercourse with her at a time when she had been left alone with him by her mother. The mother, however, testifying for defendant, said that she had never, at any time, left her daughter alone with him. There was no medical or other testimony offered to show that the girl's chastity had been violated.

Defendant contends that the corpus delicti has not been proven: that the accusing words of the girl, unsupported by medical or other testimony that she had actually been ravished, do not constitute such an essential to the charge.

The words of Sir Matthew Hale, once Lord Chief Justice of England, portray the seriousness of the charge and the importance of proper proof to support a conviction. As quoted in Commonwealth v. Childs, 2 Pitts. 391, he says:

"Rape is a most detestable crime and therefore severely punished; but it must be remembered that it is an accusation easily made, but difficult to be disproved by the party accused, be he ever so innocent; and therefore, though the party ravished be a competent witness, yet the credibility of her testimony must be left to the jury upon the *circumstances of fact that concur with that testimony;* if the witness be of good fame—if she presently discovered the offence and made pursuit after the offender—*if she showed circumstances and signs of the injury* whereof many are of that nature, that only women are proper examiners—if the place where the fact was done were remote from inhabitants or passengers—if the offender fled for it, these and the like are concurring circumstances which give greater probability to her evidence. On the

other hand if she be of evil fame and stand, unsupported by other evidence—if she conceal the case for any considerable time after she had an opportunity to complain—if the place where the fact is supposed to have been committed, were near to persons by whom it was probable she might have been heard, and yet she made no outcry—if she gave wrong description of the place; if she fixed upon a place where it was improbable for the man to have access to her, by reason of his being in a different place or company about that time, these and the like circumstances afford strong, though not conclusive, presumption, that her testimony is feigned". (Italics ours.)

While it is true that Lord Hale was speaking of common-law rape, it is manifest that portions, at least, of his comments are specifically relevant to the statutory rape which we are considering. He speaks of leaving the credibility of the testimony of the party ravished to the jury "upon the circumstances of fact that concur with that testimony". The instant case presents no such "circumstances of fact" with which a concurrence can be had or which can be used by the jury as a yardstick in measuring the credibility of the accusing girl. The conviction rests alone upon her words wholly uncorroborated. No "circumstances and signs of the injury" were proven.

It appears that our courts have declined hitherto to say that one should not be convicted of rape unless the prosecutrix's testimony is corroborated by the testimony of experienced persons, medical or otherwise, who were called in to inspect the person of the accuser as soon after the occurrence as the circumstances of the case will allow. They have gone so far as to say, however:

"Where medical testimony is necessary to satisfy the jury that a rape has been committed, or to make out the body of the offence . . . the absence of such testimony would of course compel the jury to acquit; because the body of the offence would not be made out": Commonwealth v. Childs, 2 Pitts. 391, 393.

In the light of an actual experience which we have had in the trial of identical cases—and we are of opinion that actual experience should be applied in the administration of justice even stronger than precedent or authority—we are now prepared to say, as a matter of law, that before the corpus delicti can be established upon which a conviction for statutory rape can be sustained, the testimony of the party alleged to have been ravished must be corroborated by the testimony of experienced persons, medical or otherwise, that the actual ravishing has taken place.

The rule of experience which leads us to this conclusion is here stated. Some years ago the author of this opinion was called upon to try a case of statutory rape in the Court of Quarter Sessions of Philadelphia County. Defendant was a foreigner who could neither speak nor understand the English language. He was without counsel. It appeared from the testimony of the Commonwealth that defendant was a friend of the alleged victim's father; that the alleged victim's father was the treasurer of a building and loan association of which defendant was a member; that it was the custom of defendant to come to Philadelphia from his home in New Jersey, at intervals, to pay his building and loan dues to the alleged victim's father, upon which occasions he was entertained over night at the alleged victim's home; that on such an occasion he had entered the alleged victim's bedroom and had committed the crime charged. This testimony was corroborated by the alleged victim's sister who testified that she occupied the same bedroom with her sister when the crime was committed. Defendant was convicted and the court, forthwith, imposed the maximum sentence. Shortly thereafter, however, friends of defendant, becoming suspicious, caused an investigation to be made, employed counsel for defendant, and, upon the hearing of a motion for a new trial, it was conclusively and positively shown by competent medical testimony that the alleged victim had never been ravished, or attempted to

be ravished, at any time. Subsequently it appeared that the purpose of the prosecution was to force defendant, by fear, to pay money to the father of the alleged victim. Needless to say, a new trial was awarded and the matter shortly nolle prossed on the motion of the district attorney.

This clearly shows the necessity of holding, as a matter of law, as we have here held. The doing of proper justice requires it notwithstanding the reputation of defendant as a ne'er-do-well. No jury can properly and legally become convinced beyond a reasonable doubt of a defendant's guilt in the absence of such proof. Until such is shown the commission of the crime is not established.

And now, November 30, 1936, the rule for a new trial is made absolute.